United States District Court
District of Columbia
Washington, D.C.

Cecil Muhammed,
          Petitioner,

Case: 1:22-cv-01748
Assigned To : Unassigned
Assign. Date : 6/17/2022
Description: Pro Se Gen. Civ. (F-DECK)

v.                          Case Number: _____

Warden Gomez. U.S.P. McCreary
United States of America. ET. AL.,
          Respondants,

## Motion Under F.T.C.A. Federal Tort Claim Act

Now comes Muhammed, Cecil. (Petitioner), in Pro-Se Motion, under the Federal Tort Claim Act (FTCA).

This Motion is filed after a final denial of this Petitions Standard Form 95, which was submitted to the Mid-Atlantic Regional Office, and was denied on October 27th 2021.

This denial was received by this Petitioner through Certified Mail on January 14th 2022. Starting the Clock for filing in Court on January 14th, 2022.

This Claim's basis is the Negligence of B.O.P. Staff involved in this Petitioner's physical assault that occured at U.S.P. McCreary, and the Negligence of B.O.P. Staff to appropriately house this Petitioner according to his security and Classification requirements, voiding their duty to protect the well being of this Petitioner.

### Parties

Cecil Muhammed, Reg. No. # 08362-007
FCI Hazelton
P.O. Box 5000

U.S.P. McCreary
P.O. Box 3000
Pine Knot, KY. 42635


RECEIVED
Mail Room

JUN 17 2022

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

(1. page )

## Parties

United States of America, through it's Agencies and Agents,

Warden - Gomez, U.S.P., McCreary Pine Knot, KY.

Asst. Warden - Landon P., U.S.P., McCreary Pine Knot, KY.

Unit Officer - Sims, U.S.P., McCreary Pine Knot, KY,

Unit Manager - Clark, U.S.P., McCreary Pine Knot, KY.

Case Manager - Browder, U.S.P., McCreary Pine Knot, KY.

S.I.S. - LT. - STrunk, U.S.P., McCreary Pine Knot, KY.

S.I.S. LT - Salmon, U.S.P., McCreary Pine Knot, KY.

Nurse  -  Miracle, U.S.P., McCreary Pine Knot, KY.

Warden - Gomez
U.S.P. McCreary
330 Federal Way
Pine Knot, KY. 42635

United States of America
U.S.P. McCreary
Through It's Agencies and Agents.

## Factual Back Ground

ON Feburary 20th, 2021 this Petitioner was preparing to return to his cell after his alloted time out for use of the Phones, computers, and to shower.

Upon reaching the threshold of my cell (1B - 132) the Unit Officer Observed injuries to myself which he describes as "consistent with having been involved in a physical Alteration."

(2. Page)

At that time I was escorted to Health Services Department for an injury assessment.

The examination revealed severe swelling and two lacerations around the left eye, with reported blurriness and bleeding in the eye. There was also a small laceration noted to my inner, lower lip.

When the examination was concluded this Petitioner was placed in the Special Housing Unit (SHU). He was interviewed about the injuries and told staff they were recieved from slipping and Falling in his cell.

LT. Salmon , came to speak with me regarding my injuries, she stated, after viewing the security video, It's clear there were a vast number of inmates that were observed rush into your cell and then again shortly later retreating from your cell. It would appear to me that you were serverly assaulted by the inmates observed rushing in your cell.

She asked me again to explain the injuries, and when I repeated the same thing, she stated, you look like a victim. Clearly not believing what reasons I gave her, and having both the experience and the evidence to know it was a lie and I had infact been assaulted.

With both the Unit Officer Sims, and this LT., Salmon, knowing the story of me falling to be incorrect, it was then their responsibility to investigate the issue, which they already had the evidence and conclusion as to what happened, which they neglected to do because it would have caused more work, and why would they do more work when they could just ignore the facts and let it go away.

In Fact a side by side review of the denial of the Tort Claim and of the Inmate Investigative Report will show, in the least a need to Fully investigate the injuries sustained by Mr. Muhammad.

On page 4 of the Investigative Report, the Housing Unit Officer (Mr. Sims) stated that inmate Alphonzo Walker, refused to allow, MR Muhammed into the Cell.

(3. page)

Mr. Walker was reported to be inside the cell at this time.

In the denial response of the Tort Claim, it is stated simply, "the Unit Officer was securing the housing units and attempting to place you back in your assigned cell."

Nothing is mentioned of the inmate (Mr. Walker) refusing to allow Mr. Muhammed into the cell.

This is a clear indication an altercation took place. On top of that Mr. Walker was also removed to the Special housing Unit and transfer. Why not simply release Mr. Walker to the general population (yard).

Furthermore, I was released from Butner, North Carolina in 2008 with only having 14 points to be considered for my classification and security placement.

In 2021, I had an incident at the half way house (V O A) Baltimore, Maryland.

I was out on a program pass and was running late, I called to inform the staff at the half way house I was running late. When I arrived about 1 hour passed my allowed time I was refused entry.

My tardiness was do to D.C., public transportation. It was all documented and verifiable.

Upon my revocation in 2022, I plead guilty due to my determination not to allow any room for the Parole Commission to say I am refusing to accept responsiblity, which would have ended in a stricter sentence.

This said, I contested my escape charge and upon the final out come of said violation, the incident was expunged vacated, no fault or violation exists today. I am detain for no lawful reason.

Back to the classification and security points, I had 14 points when released in 2008, how does one gain 14 points when it was merely a violation of halfway house rules.

(4. Page)

## Jurisdiction

Jurisdiction of this court is invoked Pursuant to 28 U.S.C. § 1346 and 2671 as well as § 1343 (a)(3) as this action seeks to redress the deprivation, under color of law, of rights by Acts of Congress providing for equal rights of persons within the Jurisdiction of the United States.

(5. Page) A.

Even a complete new charge would at the most have added 3 points plus 2 for it occuring on what would be considered probation. That would total 5 additional points bringing my total to 19 points; 19 points would be a medium, thus meaning the B.O.P., was negliant in placing me in a U.S.P., by either accidental or intentional mis-calculation of my points.

This fact alone leaves the B.O.P., liable for everything that occured to this Petitioner while housed in U.S.P. McCreary,

The Petitioner is sure that all physical evidence can be obtained through the Discovery process. This is backed by this Petitioner's observations of the direct contradictions and False information on the B.O.P.'s forms, when viewed side by side.

Also when viewing B.O.P.'s forms Program Statements and General and Post Orders directing the actions of B.O.P., staff with in their specific prisons and while General employment by the B.O.P..

## Conclusion

In light of the aforemention this Petitioner requests this Honorable Court to enter Judgement in favor of Granting this motion, and awarding the sum of $ 20,000,000, 00 in way of compensatory damages.

Date: 06\08\2022

Respectfully Submitted,
Cecil Muhammed ® #08362-007
Cecil Muhammed Reg # 08362-007
FCI Hazelton
P.O. Box 5000
Bruceton Mills, W.V. 26525

(5. Page) B.